## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RYAN LONG, Individually and on Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO. 4:16-cv-01398** |
| **V.** | § § | **JURY TRIAL DEMANDED** |
| **CRESCENT DIRECTIONAL DRILLING, L.P.** | § § § | |
| **Defendant.** | § § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.    SUMMARY

1.      Plaintiff Ryan Long ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Crescent Directional Drilling, L.P. ("Crescent" or "Defendant") for himself and all others similarly situated under the Fair Labor Standards Act ("FLSA"). Instead of paying Plaintiff by the hour and overtime for all hours worked in excess of 40 hours each week, Defendant paid all of its MWD Field Operators and/or MWD Field Technicians ("MWDs") a base salary and/or a day-rate or field bonus. Plaintiff was typically scheduled to work 12 hour shifts for weeks at a time. Regardless of the actual amount of hours worked, Plaintiff never received overtime for hours worked in excess of forty (40) in a single work week. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II.    JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events forming the basis of this suit occurred in this District and Defendant's corporate headquarters is located in this District and Division.

## III. THE PARTIES

4.      Plaintiff Ryan Long is an individual residing in Monroe County, West Virginia. Plaintiff worked for Defendant as a Directional Driller ("DD") during the relevant statutory time period, from approximately August 2015 to March 2016. His consent to be a party plaintiff is attached hereto as Exhibit A.

5.      The nationwide class of similarly situated employees ("Putative Class Members") consists of:

> **ALL INDIVIDUALS WHO WERE EMPLOYED BY DEFENDANT AS DIRECTIONAL DRILLERS AND OTHER SIMILARLY SITUATED EMPLOYEES EMPLOYED BY DEFENDANT OVER THE PAST THREE (3) YEARS.**

6.      Defendant Crescent may be served by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701.

7.      The Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction.  The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

## IV. COVERAGE UNDER THE FLSA

8.      At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11.     At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTS

12.     Defendant is an oil field services company providing directional drilling services throughout the United States. To provide these services, Crescent employs hundreds of workers, including Plaintiff and other DDs.

13.     Over the statutory time period, Defendant has employed numerous DDs throughout the United States. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

14.     Plaintiff worked for Defendant as a DD within the statutory time period. In this regard, his primary job duties included operating oilfield machinery, collecting/relaying data, and reporting his daily activities to his supervisors for analysis. Plaintiff would conduct his day-to-day activities within designated parameters and in accordance with a predetermined well plan. The well plan was created, implemented, and regularly maintained by the well site supervisors.

3

Plaintiff's activities were routine and largely governed by standardized plans and checklists created by Defendant and/or its clients. Every element of Plaintiff's job was predetermined for him by Defendant and his superiors, including the tools to use at a job site, the data to compile, and the schedule of work and related work duties. Plaintiff was prohibited from varying his job duties outside of the predetermined parameters. Plaintiff's job functions were primarily manual labor/technical in nature, requiring little to no official training. As a DD, Plaintiff did not have any management duties.

15.     Plaintiff did not receive overtime compensation. Plaintiff was generally scheduled to work 84 hours per workweek but often worked more. Plaintiff was paid a base salary and/or a day rate or field bonus. Defendant denied Plaintiff overtime for any and all hours worked in excess of 40 hours in a single work week. The controlling law makes it clear that the manual labor/technical duties performed by Plaintiff is *non*-exempt work. Therefore, Defendant owes overtime wages to its DDs, all of whom work long hours each workweek without overtime pay.

## VI.    FLSA VIOLATIONS

16.     During the relevant time period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing persons in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

17.     Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and others similarly situated overtime compensation. Defendant's misclassification of its DDs was not by accident, but a well thought out scheme to reduce its labor costs.  The decision by Defendant not to properly pay overtime compensation to

4

its employees was neither reasonable, nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. COLLECTIVE ACTION ALLEGATIONS

18.     Numerous employees have been victimized by this pattern, practice, and policy, which is in willful violation of the FLSA. Many of these employees have worked with Plaintiff and were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from Plaintiff's observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members.

19.     The Putative Class Members all received a salary and/or a day rate or field bonus, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions, and employment practices.

20.     Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Plaintiff's experiences are typical of the experiences of the Putative Class Members.

21.     The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a.   For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due;

b.   For an Order awarding Plaintiff (and those who join in the suit) the costs of this action;

c.   For an Order awarding Plaintiff (and those who join in the suit) attorney fees;

d.   For an Order awarding Plaintiff (and those who join in the suit) unpaid benefits and compensation in connection with the FLSA violations;

e.   For an Order awarding Plaintiff (and those who join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**KENNEDY HODGES, LLP**

By:  */s/ Galvin B. Kennedy*
Galvin B. Kennedy
Texas Bar No. 00796870
Federal ID No. 20791
711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile:  (713) 523-1116
Email: gkennedy@kennedyhodges.com

*Lead Attorney-in-Charge for Plaintiffs and Class Members*

6